# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LEROY K. HARRIS                :
MANSUR K. ABDULLAH,       :
                                   :
           Plaintiffs,        :     No. 3:05CV216 (MRK)
                                     :
v.                                     :
                                     :
UNITED STATES OF AMERICA &    :
ALBERTO R. GONZALES,        :
                                     :
           Defendants.       :

## RULING

      Plaintiffs Leroy K. Harris and Mansur K. Abdullah, proceeding *pro se*, bring this lawsuit

against Defendants the United States of America and the Attorney General of the United States,

Alberto R. Gonzales.[1]  Plaintiffs assert that Defendants have violated their right to equal protection

of the laws under the Fourteenth Amendment to the United States Constitution because of racial bias

in the selection of the historical occasions that are honored through designation as a federal holiday.

Plaintiffs have asked this Court to award them nominal damages, but principally, they seek

injunctive relief in the form of an order from this Court requiring the United States Congress to

declare a new national holiday, "Emancipation Proclamation Day," celebrating President Lincoln's

freeing of the slaves in all United States territories that were still at war with the Union at the time

---

[1] On February 3, 2005, Alberto R. Gonzales succeeded John Ashcroft as Attorney
General of the United States.  Thus, the Court automatically substitutes Alberto R. Gonzales for
John Ashcroft pursuant to Rule 25(d)(1) of the *Federal Rules of Civil Procedure*, which provides
that a public official's successor shall automatically be substituted as a party.

of the Proclamation. Amended Complaint [doc. #10] ¶ 16.[2]

Presently pending before the Court is Defendants' Motion to Dismiss [doc. #6] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. Though Plaintiffs' goals are noble and their submissions to the Court sincere and well-presented for non-lawyers, the Court agrees with Defendants that, in our system of separated powers, it does not have the authority to hear the case as it is currently presented, or to grant the type of injunctive relief Plaintiffs seek. Thus, for the reasons that follow, Defendants' Motion to Dismiss [doc. #6] is GRANTED.

## I.

Plaintiffs are a founder and a member of the "Help the Needy Foundation," a non-profit organization that seeks to promote African American history, among other goals.  Am. Compl. [doc. #10] ¶ 9.[3]  Plaintiffs claim that Defendants have violated their Fourteenth Amendment right to equal protection of the laws by "instituting a number of Holidays," Am. Compl. [doc. #10] ¶ 13, "in view of [which] it becomes clear that the plaintiffs['] class has been discriminated against . . . in that the government has passed laws that are openly bias[ed]," *id.* ¶ 14, because "the Holidays mentioned above were designed for those other than the plaintiffs." *Id.* ¶ 21.

The relief Plaintiffs seek is primarily injunctive: Plaintiffs ask this Court to order "the House

---

[2] In response to Defendants' Motion to Dismiss [doc. #6], Plaintiffs submitted a memorandum of law taking the form of an Amended Complaint [doc. #10].  For purposes of this motion to dismiss, and consistent with the Second Circuit's admonition to relax the formalities of pleading for *pro se* litigants, see *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002), the Court will construe the Amended Complaint [doc. # 10] as both a response to the motion to dismiss and an amended complaint.

[3] Plaintiffs also happen to be inmates of the MacDougall-Walker Correctional Institution, a Connecticut state prison located in Suffield, Connecticut. Am. Compl. [doc. #10] ¶¶ 7-8.

of Representative[s] and the Attorney General, [to] comply with the Equal Protection Clause," Am. Compl. [doc. #10] ¶ 23, by declaring January 1st a national holiday called "Emancipation Proclamation Day." *Id.* at 29, ¶ 5. This new national holiday would honor the January 1, 1863 effective date of President Abraham Lincoln's Emancipation Proclamation, which freed the slaves in all United States territories that were then still at war with the Union. Am. Compl. [doc. #10] ¶ 16. In addition, Plaintiffs request "[n]ominal damages of $1.00, dollar, as recognition that a legal injury was sustained . . . " *Id.* at 30, ¶ 8.

Defendants have filed a Motion to Dismiss [doc. #6] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. They assert that Plaintiffs fail to satisfy the injury-in-fact, causation, and redressability components of Article III standing, because "the Amended Complaint is devoid of any explanation how the absence of Emancipation Proclamation Day hurts Plaintiffs," Mem. Supp. Defs.' Mot. Dismiss [doc. #7] at 7; "Plaintiffs do not identify what [Defendants] did with respect to holidays that affects them," *id.* at 8; and "[i]f the court granted the relief requested . . . [it] would violate the separation of powers inherent in the federal form of government." *Id.* at 9-10. Defendants also point out that to the extent that Plaintiffs have requested money damages, their claim is barred by Sovereign Immunity. *Id.* at 14.

## II.

Central to the American form of government is the principle of separation of powers, which assigns the legislative, executive, and judicial branches of government clearly and narrowly defined roles. In order to minimize encroachment by unelected judges on the prerogatives of the elected branches of government, "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.' " *Allen v. Wright*, 468 U.S. 737, 750 (1984); *see Lewis v. Casey*

518 U.S. 343, 349 (1996) "the doctrine of standing [is] a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." As explained by the Second Circuit:

> Under Article III of the Constitution of the United States, the province of the Judicial Branch of the federal government is the adjudication of the rights of the parties to cases or controversies under the applicable laws. . . . The doctrine of separation of powers prohibits the federal courts from excursions into areas committed to the Executive Branch or the Legislative Branch.

*In re Austrian, German Holocaust Litig.*, 250 F.3d 156, 163-64 (2d Cir. 2001). Accordingly, "whether the plaintiff has made out a case or controversy . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If Plaintiffs' claim does not fit the definition of case or controversy developed by the Supreme Court, this Court is not empowered to consider the merits of the dispute.

Confusingly for non-lawyers and *pro se* plaintiffs, the phrase "case or controversy" as used in the Constitution has a specialized meaning that is different from the everyday use of those terms: it is really shorthand for "the kind of dispute suitable for resolution through the courts rather than the political process." *See Federal Election Com'n v. Akins*, 524 U.S. 11, 23 (1998) ("[W]here large numbers of Americans suffer alike, the political process, rather than the judicial process, may provide the more appropriate remedy for a widely shared grievance.") (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 222 (1974); *United States v. Richardson*, 418 U.S. 166, 179 (1974); *Flast v. Cohen*, 392 U.S. 83, 131 (1968) (Harlan, J., dissenting)). In order to demonstrate that a federal court is the right forum for addressing a plaintiff's concerns, and to ensure that a court's involvement does not interfere with decisions better

4

left to the Legislature or the Executive,  the Supreme Court has said that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. "*Allen*, 468 U.S. at 751. Furthermore, the injury must be "concrete in nature and particularized to [the plaintiffs]," *In re Catholic Conference*, 885 F.2d 1020, 1023-24 (2d Cir. 1989). It may not be "abstract," "conjectural," *Allen*, 468 U.S. at 751, or a "generalized grievance." *United States v. Hays*, 515 U.S. 737, 743 (1995). As explained below, Plaintiffs's claims in this case do not satisfy these requirements. Therefore, this Court does not have the authority to address the merits of their complaint.

First, the harm that Plaintiffs allege – a systematic racial bias in Congress' selection of the occasions deemed worthy of celebration by a national holiday – is best understood as a dignitary injury. Plaintiffs' feel that "the voice of the government – uniquely authoritative as the voice of the people – is expressing the idea that [African American] heritage is less worthy of celebration, or that [African Americans] are somehow inferior persons." *Mehdi v. United States Postal Service*, 988 F. Supp 721, 730 (S.D.N.Y. 1997).

Undoubtedly, the "stigmatizing injury often caused by racial discrimination . . . is one of the most serious consequences of discriminatory government action." *Allen*, 468 U.S. at 755. However, it is not the seriousness of the harm but its generality that determines whether a federal court is the proper forum for addressing it. On Plaintiffs' theory the dignity of every African American in the country is injured by the alleged racial skew in Congress's selection of national holidays. But, as we have seen, when such a large number of people each suffer from the identical harm, it is the political, not the judicial, process that is the proper vehicle for redressing the injury. *Akins*, 524 U.S. at 23. Under our constitutional design of separated powers and a limited judiciary, federal courts are simply

5

not empowered to resolve "generalized grievance[s] against government conduct of which [the plaintiff] does not approve." *Hays*, 515 U.S. at 745; *see Allen*, 468 U.S. at 754 ("claim of stigmatic injury, or denigration, suffered by all members of a racial group" not judicially cognizable).

Second, Plaintiffs have not explained how the alleged racial skew in the designation of national holidays is "fairly traceable to" the conduct of the named Defendants – the United States of America and Attorney General Alberto Gonzales. The declaration of national holidays is achieved by means of an act of Congress or an Executive order, not by the activities of the United States as sovereign, or the Attorney General, as chief law enforcement officer of the United States. *See* 5 U.S.C. § 6103 (b) (2005) (assigning the declaration of federal holidays to "Federal statute or Executive order").[4]

Third and finally, the Court notes that even if it had jurisdiction over Plaintiffs' claim, it would not have the power to grant the relief that Plaintiffs request. As observed above, the designation of certain days as national holidays is the prerogative of the elected branches of government, and not the judiciary. *See* 5 U.S.C. § 6103 (b) (2005).  Yet, Plaintiffs have asked an unelected judge to force Congress by way of an injunction to do something it has not yet chosen to do – that is to declare "Emancipation Proclamation Day" a national holiday.  However laudatory the goal, such an act is simply beyond the authority of the Judicial Branch in our system of separated powers. The role of the federal judiciary is to consider the legal validity of laws Congress passes, not to compel passage of laws the judiciary thinks are appropriate.

Plaintiffs are clearly passionate about this issue, and it is certainly an issue worthy of their

---

[4] Of course, even if Plaintiffs were correct in tracing the alleged harm to the United States Government, to the extent that they have requested money damages, their claim would be barred by the doctrine of Sovereign Immunity.

passion. Though often criticized as a merely symbolic act of war propaganda that had all the "moral grandeur of a bill of lading,"[5]  Lincoln's Proclamation, issued as "Commander-in-Chief of the Army and Navy of the United States," made it clear that the Civil War was being fought not just to preserve the Union but to eliminate slavery, and it had a significant practical impact as the Northern troops swept into the South and freed thousands of slaves.  *See generally* John Hope Franklin, *The Emancipation Proclamation* (1963).  As Frederick Douglass, the great abolitionist, wrote at the time: " 'We shout for joy that we live to record this righteous decree.' " James McPherson, *Battle Cry of Freedom* 558 (Oxford Univ. Press 1988) (quoting *Douglass' Monthly*, Oct. 1862, at 721).

Under our system of government, however, the courts are not the right forum for the national recognition that Plaintiffs seek for the Emancipation Proclamation.  Plaintiffs should instead direct their energy and passion to the political process – that is, to an effort to convince the public and their elected representatives that declaring January 1st "Emancipation Proclamation Day" is a worthwhile endeavor. Plaintiffs' chosen task will undoubtedly be arduous.   It took an enormous amount of time, energy and resources to turn the idea of a holiday honoring Martin Luther King into a reality.  *See* The King Center, The King Holiday: A Chronology, *available at* http://thekingcenter.org/holiday/chronology.pdf (last visited Sept. 19, 2005) (chronicling the 15 years of lobbying required to persuade Congress to pass the King Holiday Bill).  But anything truly worthwhile takes time and effort. There are no short cuts through the judiciary.

---

[5]  Richard Hofstadter, *The American Political Tradition* 132 (Vintage 1948).

### III

Because our system of separated of powers limits the kinds of claims that federal courts may entertain and the relief they may provide, and because Plaintiffs have not asserted a concrete and particularized denial of equal treatment caused by actions of the named Defendants, Plaintiffs do not have standing to pursue their claims and this Court does not have jurisdiction to consider them. Therefore, Defendants' Motion to Dismiss [doc. #6] is GRANTED.  **The Clerk is directed to close the file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: <u>September 19, 2005</u>.**